HOOD, Judge.
John Curley Prejean seeks to recover damages for personal injuries sustained by him as a result of an automobile accident. The defendants are Lowell M. Burvant, United States Gypsum Company and American Motorists Insurance Company. Judgment was rendered by the trial court in favor of plaintiff, awarding him $25,470.82. Plaintiff appealed.
The only issue presented is whether the amount of the award should be increased.
The accident occurred at a highway intersection in Lafayette Parish on January 8, 1974. Plaintiff stopped his pickup truck at the intersection, and shortly thereafter the rear of that truck was struck by the front of an automobile owned by United States Gypsum Company and being driven by its employee, Burvant. The accident was minor in nature. Burvant was travelling about 10 miles per hour as he approached the intersection, but he saw plaintiff’s truck ahead of him and applied his brakes shortly before the collision occurred. The damage to the Burvant automobile was described as “a ripple in the fender,” and the cost of repairing it amounted to $129.00. The left side of the rear bumper of plaintiff’s truck was bent or twisted, and the cost of repairing that damage amounted to $151.31.
Plaintiff owned and operated a commercial refrigeration sales and service business. He was self-employed, and from time to time he employed other persons to assist him in that business. At the time the accident occurred he was engaged in installing a refrigerated beer box at a commercial establishment.
Prejean did not experience any pain immediately after the accident occurred. He assisted in directing traffic at the scene of the accident until the trooper arrived, and he informed the trooper that he had not been injured. He then returned to the job he was performing. He worked the rest of that day, and then made two service calls later that evening. He testified that he slept well that night, but that he experienced pain in his neck and some dizziness the next morning, and that he thereupon went to his family physician, Dr. Robert Kapsinow, for treatment. He was treated by several other doctors after that time.
The trial judge concluded that plaintiff was entitled to recover the aggregate sum of $25,470.82 from defendants. In his reasons for judgment he said:
I am convinced that Mr. Prejean has suffered and is continuing to suffer from the physical injuries complained of, despite the fact that he continues to engage in his refrigeration repair business to a limited extent. His income has decreased and he complains of his inability to lift heavy objects and work long hours. He also complains that his household chores, such as lawncutting, etc., are limited. For his pain and suffering, I feel an award of $20,000.00 is fair and reasonable. Mr. Prejean incurred medical expenses in the amount of $5,386.20 plus $84.62 for travel and meals, making a total of $5,470.82 as special damages. This makes an aggregate of $25,470.82 which is allowed.”
Plaintiff does not complain about the amount which he feels was awarded as general damages for pain and suffering, and neither does he seek to change the amount awarded for medical expenses. He contends, however, that the trial court erred in *183 failing to award (1) an additional amount as loss of wages, and (2) the additional sum of $151.31 as property damages.
We have decided that the award of $20,000.00 made by the trial judge was intended to cover plaintiff’s loss of wages and the property damages suffered by him, as well as the general damages due him for pain and suffering. Several circumstances compel us to reach that conclusion.
First, we think that intent is indicated by the wording of the trial court’s reasons for judgment. As already shown, the trial judge stated in his reasons for judgment that “His (plaintiff’s) income has decreased .,” and then almost immediately thereafter he concluded that an award of $20,000.00 would be fair and reasonable. We do believe that the trial court overlooked or forgot about plaintiff’s loss of wages immediately after mentioning it in his reasons for judgment. It is more probable, we think, that he inadvertently used the words “pain and suffering,” instead of a more inclusive phrase, in making that award.
Secondly, the trial judge denied plaintiff’s motion for a new trial and in so doing we think he made it clear that he intended for the original award to include loss of wages.
The case was tried before Judge Charles T. Everett, and it was that judge who assigned the above quoted reasons for judgment and who then rendered and signed the judgment which is now before us on appeal. After that judgment was rendered plaintiff filed a motion for new trial, in which he specifically alleged as his principal ground for that relief that “the Court inadvertently failed to award plaintiff an amount for the loss of wages sustained by him as a result of the accident. . ■ . . ” Judge Everett denied the motion for a new trial, and he assigned written reasons for that denial. In those reasons he said:
“I have reconsidered the pleadings, the evidence, prior written reasons for judgment and argument of Counsel and feel that the motion for a new trial is not well founded.
“Accordingly, the motion for a new trial is denied.”
Plaintiff later filed an “Amended Motion For A New Trial, Or Alternatively, A Motion For A Partial New Trial On Behalf of Plaintiff.” In that amended pleading he alleges as an additional ground for the relief sought that he had discovered new evidence pertaining to plaintiff’s disability “resulting in loss of income in the past and future loss of income to be sustained by plaintiff.”
The amended motion for a new trial came up before Judge Henry J. Dauterive, Jr. Defendants objected to the amended motion, arguing that the original motion for a new trial had been filed and had been denied, and that plaintiff is precluded from filing another such motion. That objection was overruled, and a formal hearing or trial was held on the amended motion. Plaintiff introduced evidence at that hearing. Judge Dauterive then rendered judgment denying the amended motion for a new trial, and he assigned the following written reasons for doing so:
“I have considered the pleadings, the evidence, prior written reasons for judgment, the denial of the original motion for a new trial, and argument of counsel and feel that the amended motion for a new trial is not well founded.
“Accordingly, the amended motion for a new trial is denied.”
Both of the above motions were grounded largely on plaintiff’s claim that the trial judge had erred in failing to award him a substantial sum of money as loss of wages, and both motions were denied by the trial court. We believe that the denial of those two motions for a new trial constituted a clear holding by the trial court that the award which was made originally, that is, the award of $20,000.00, was intended to cover loss of wages.
Third, a review of the evidence convinces us that plaintiff failed to show that he sustained any loss of wages at all, either past or future.
*184 Finally, we think the award of $20,-000.00 made by the trial court is excessive if it should be considered as having been made solely to compensate plaintiff for pain and suffering. We cannot reduce the award since defendants did not appeal or answer the appeal. It is appropriate for us to consider the nature of the injuries sustained by plaintiff, however, to assist us in determining whether the award made by the trial court was intended to cover loss of wages.
Plaintiff testified that he is disabled because his neck “aches all the time,” and because of “extreme nervousness and depression and tension.” He stated that before surgery was performed in March, 1975, he had pain and numbness on the right side of his body, but that “the major part of the pain has gone away.” He stated that as of the date of the trial, “I have some pain in the back of my neck and arm,” and that “I have not been able to do all the work that I did before.” He explained that since the accident he has not been able to lift heavy objects, that is, objects weighing from 150 to 600 pounds, and that because of that disability he has had to take only smaller jobs in his work. He stated also that he has pain across the small of his back and weakness in his hips when he does any stooping, but the medical evidence shows that this condition of his back was due to a congenital deformity and that it was not caused or aggravated by the accident.
The evidence establishes, we think, that plaintiff has never been disabled from performing at least most of his work because of injuries he sustained in the accident, except for two brief periods of time when he was hospitalized. The medical evidence shows that the disability which he may have is not permanent, and that he should recover fully within a few weeks or months after the trial.
Dr. Kapsinow treated plaintiff periodically from the date of the accident until September 30, 1975. The treatment he administered, however, was conservative and was primarily for nervousness and for degenerative arthritis, both of which conditions existed before the accident occurred. Prejean also was treated by several other doctors, one of whom was Dr. John Jackson, a neurological surgeon, who performed an anteri- or cervical fusion at two disc levels in March, 1975, more than one year after the accident occurred. Plaintiff was hospitalized for eight or ten days in connection with that surgery.
Plaintiff was 43 years of age when the accident occurred. He was and for several years had been a very nervous person. He, in fact, had had a “mild nervous breakdown” shortly before the accident. He also has suffered for many years from emphysema, degenerative arthritis and spondylosis. Prior to and at the time of the accident he was taking tranquilizers for his nervousness and cortisone for his arthritis. Dr. Kapsi-now, plaintiffs family physician, testified that he had treated plaintiff since 1939, and that he treated him at least 15 times within one year before the accident. On December 13, 1973, less than one month before the accident, he treated Prejean for complaints of pain in both shoulders, both elbows and both knees, with swelling in the elbow joints. And, on January 3, 1974, five days before the accident, the doctor treated plaintiff again when he got very dizzy and passed out, probably because of the Vestaril (a tranquilizer) and Selestone (a cortisone preparation) he was taking at the time.
Shortly before the accident occurred, Pre-jean separated from his first wife, obtained a divorce and then remarried. His mother died in early 1973, and during the same year his father sustained an accident which caused him to be hospitalized. Also, plaintiff had to be hospitalized in the fall of 1975 for treatment of his emphysema. A psychiatrist who treated plaintiff indicated that the mental stress brought about by the above events, none of which had anything to do with the automobile accident, have tended to depress plaintiff and make him more nervous.
It seems to us that the disability which plaintiff claims to have now is due largely, if not entirely, to his nervousness and tension, degenerative arthritis, emphysema and *185 congenital spondylosis. None of those conditions were caused or aggravated by the accident. In our view, the award made by the trial court was more than adequate to compensate him for his general damages and for his alleged loss of wages.
We turn now to plaintiff’s claim that he is entitled to recover the additional sum of $151.31 to compensate him for damages to his truck. We note, however, that one of the grounds alleged by plaintiff as the basis for his motion for a new trial was that “the Court inadvertently failed to award plaintiff the amount of $151.31 representing the amount of property damages sustained by his vehicle.” The trial judge denied that motion for a new trial, indicating, we think, that the award which had been made was intended to cover that item. For the reasons already assigned, we find that the award made by the trial court included the property damages sustained by plaintiff.
Plaintiff contends, finally, that the trial court erred in denying his amended motion for a new trial, which was based on allegations of newly discovered evidence. We find no merit to that argument. Assuming that the newly discovered evidence is admissible and would establish the facts alleged, and considering it in a light most favorable to plaintiff, we have decided that it would not alter the results we have reached.
For the reasons assigned, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
AFFIRMED.
DOMENGEAUX, J., dissents in part and assigns reasons.